MEMORANDUM **
Bruce Dwight Sutton appeals his jury conviction for charges involving a cocaine distribution conspiracy. He argues that the district court erred in denying his motion to suppress evidence derived from a wiretap because the wiretap application failed to meet the statutory requirement of necessity. We affirm.
Title III of the Omnibus Crime Control and Safe Street Act of 1968, 82 Stat. 218, as amended, 18 U.S.C. §§ 2510-2522, imposes strict controls on the use of wiretaps. See United States v. Staffeldt, 451 F.3d 578, 579-80 (9th Cir.2006) (discussing statutory scheme). Pursuant to Section 2518, “[i]n order to obtain a wiretap, the government must demonstrate, inter alia, that normal investigative techniques have been tried and failed or reasonably appear unlikely to succeed or to be too dangerous, and must present a full and complete statement establishing that normal investigative means will not suffice.” United States v. Decoud, 456 F.3d 996, 1006 (9th Cir.2006).
The wiretap affidavit fulfills the terms of Section 2518(l)(c) since it adequately “detailed how normal investigative procedures had been tried and failed, and why those procedures were reasonably un *79 likely to succeed in this investigation in the future.” See United States v. Canales Gomez, 358 F.3d 1221, 1224 (9th Cir.2004); cf. United States v. Blackmon, 273 F.3d 1204, 1209-11 (9th Cir.2001) (invalidating a wiretap application after it was purged of material omissions and misstatements “because it [made] only general allegations that would be true in most narcotics investigations”). Viewed in its entirety, the affidavit contains case-specific facts demonstrating necessity, preventing any references to inherent limitations of investigative techniques or use of eonclusory language from voiding the wiretap application. See, e.g., United States v. Fernandez, 388 F.3d 1199, 1237 (9th Cir.2004) (holding a wiretap affidavit satisfied Section 2518(l)(c) even though it included some statements merely describing the inherent limitations of traditional investigative techniques); United States v. Torres, 908 F.2d 1417, 1423 (9th Cir.1990) (“The presence of eonclusory language in the affidavit will not negate a finding of necessity if the affidavit, as a whole, alleges sufficient facts demonstrating necessity.”).
While “the government could have — and perhaps should have — further utilized traditional investigative techniques before applying for the wiretap,” the issuing court did not abuse its discretion in determining the -wiretap was necessary under Section 2518(3)(c). United States v. Rivera, 527 F.3d 891, 903-04 (9th Cir.2008); see also United States v. Staves, 383 F.3d 977, 982 (9th Cir.2004) (“Law enforcement officials need not exhaust every conceivable investigative technique before seeking a wiretap order.”). Moreover, the pre-wiretap investigation carried out here was considerably more extensive than the “cursory investigation” we deemed insufficient in United States v. Gonzalez, Inc., 412 F.3d 1102, 1112-14 (9th Cir.2005) (noting agents had only conducted “(1) five-days-worth of pen register analysis; (2) an equally short use of trap- and-trace analysis; and (3) limited physical surveillance of the [target] office”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.